

NUMBER 13-11-00326-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**REYES URBINA,**                                                      **Appellant,**

**v.**

**DESIGNER HOMES CO., INC., ONESIMO MARTINEZ, JAVIER VILLESCAS [ERRONEOUSLY SUED AS JAVIER BILOLESCAS OR BILLESCAS], COMPASS BANK AND GREGORY S. KAZEN, IN HIS CAPACITY ONLY AS SUBSTITUTE TRUSTEE,**                    **Appellees.**

---

**On appeal from the 275th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion Per Curiam**

On August 25, 2011, this Court dismissed this appeal for want of jurisdiction and

failure to comply with a notice from this Court. The case was reinstated on October 4,

2011. On January 26, 2012, counsel for appellees, Javier Villescas (erroneously sued as Javier Bilolescas or Billescas) and Compass Bank, filed a motion to dismiss the appeal, urging that the notice of appeal did not identify or purport to appeal any appealable order as to the appellees in this cause. On March 6, 2012, the clerk's record was filed. We agree that our reinstatement order was granted improvidently and agree with Compass and Villescas that the case should be dismissed.

The clerk's record reflects that the trial court granted summary judgment in favor of appellees, Compass and Villescas, on February 16, 2011, in Cause Number C-1939-10-E. Compass non-suited its counterclaim against appellant on February 22, 2011. The trial court subsequently severed all claims between appellant Urbina and appellees, Compass and Villegas into Cause No. C-1939-10-E(1) ("the severed cause"). Those claims were final and appealable. On March 14, 2011, appellant filed a motion for new trial in the severed cause.

On May 19, 2011, appellant filed his notice of appeal in Cause No. 1939-10-E-1, the severed cause. However, the orders identified in his notice of appeal do not include the February 2011 summary judgment order that was granted against appellant and in favor of the appellees. The orders that appellant attempts to appeal, as noted in his notice of appeal, are summary judgments allegedly granted on April 5, 2011 and May 5, 2011 and a motion for new trial filed on March 14, 2011 and denied on May 3, 2011. A review of the clerk's record in this cause and a companion case, 13-11-325-CV, establishes that the motion for summary judgment, dated April 5, 2011, was granted in favor of other defendants in the original cause. We located no summary judgment

2

motion granted in favor of the appellees in this case on May 5, 2011. We note that an order denying appellant's motion for new trial was signed in the severed cause on May 5, 2011. The March 14, 2011 document is appellant's motion for new trial that was filed in the severed cause. The clerk's record does not contain any order dated May 3, 2011. Appellant filed an amended notice of appeal on July 25, 2011, which appears to be identical, in every respect, to the earlier filed notice of appeal.

The law is clear that the notice of appeal must contain the date of the trial court judgment or order being appealed. TEX. R. APP. P. 25.1(d)(2). Here, the notice of appeal does not identify any appealable order with respect to the appellees in this cause. While it does mention a motion for new trial, the denial of a motion for new trial is not an appealable order. *See Overka v. Bauri*, No. 14-06-00083-CV, 2006 WL 2074688, at *1 (Tex. App.—[14th Dist.] July 27, 2006, no pet.) (mem. op.).

This Court previously notified appellant of the defects in the notice of appeal and further notified appellant that those defects had not been corrected. After further review, we believe that our previous order reinstating the case was improvidently granted.

We grant the appellees' motion and dismiss the appeal.


Per Curiam

Delivered and filed the
12th day of April, 2012.

3